[Cite as *State v. Keeton*, 2020-Ohio-247.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J<br>Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 19-CA-000026 |
| JAMES KEETON | |
| Defendant-Appellant | O P I N IO N |


CHARACTER OF PROCEEDINGS:  Appeal from the Guernsey County Court
of Common Pleas, Case No. 18CR13


JUDGMENT:  Affirmed

DATE OF JUDGMENT ENTRY:  January 27, 2020


APPEARANCES:


For Plaintiff-Appellee

MELISSA R. BRIGHT
Assistant Guernsey County Prosecutor
627 Wheeling Avenue
Cambridge, Ohio  43725

For Defendant-Appellant

JAMES KEETON
Inmate #748-250
15708 McConnelsville Road
Caldwell, Ohio  43724

*Hoffman, P.J.*

{¶1} Appellant James Keeton appeals the judgment entered by the Guernsey County Common Pleas Court overruling his motion to withdraw his guilty plea. Appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2} On October 10, 2018, Appellant entered pleas of guilty to having weapons while under disability (R.C. 2923.13(A)(2)) and aggravated trafficking in drugs (R.C. 2925.03(C)(1)(d)). The court sentenced him to an aggregate term of five years incarceration.

{¶3} Appellant filed a motion to withdraw his plea of guilty to the charge of having weapons under disability on March 4, 2019, arguing the prior conviction set forth in the indictment, upon which his disability to having a weapon was based, was not his conviction but rather a conviction of another person with the same name. In response, the State set forth several prior convictions which it alleged were Appellant's convictions, and not the convictions of a different person with the same name. The trial court overruled the motion, finding the indictment incorrectly listed the case number of the prior conviction and the James Keeton in such conviction was not Appellant. However, the court took judicial notice of Appellant's conviction of robbery in January of 1980.

{¶4} Appellant filed a second motion to withdraw his guilty plea on July 12, 2019, again arguing mistaken identity in the prior convictions the State alleged constituted his disability to having a weapon, and arguing the court improperly considered such prior

---

[1] A rendition of the facts is unnecessary for our resolution of the issue raised on appeal.

convictions in his sentence.   The trial court overruled the motion on the basis of res judicata.

{¶5}   It is from the August 2, 2019 judgment of the court denying his motion to withdraw his plea Appellant prosecutes this appeal.

{¶6}   App. R. 16(A) provides:

(A) Brief of the Appellant. The appellant shall include in its brief, under the headings and in the order indicated, all of the following:

(1) A table of contents, with page references.

(2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.

(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.

(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.

(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.

(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.

(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and

parts of the record on which appellant relies. The argument may be preceded by a summary.

(8) A conclusion briefly stating the precise relief sought.

**{¶7}** Appellant's brief does not comply with App. R. 16(1)-(7). Compliance with the above-stated rule is mandatory. *Zanesville v. Robinson*, 5th Dist. Muskingum No. 09-CA-39, 2010-Ohio-4843, ¶ 26. This Court observed in *Musleve v. Musleve*, 5th Dist. Stark No. 2007CA00314, 2008-Ohio-3961, ¶ 21, "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate court is a tactic which is ordinarily fatal." Such failure warrants dismissal for want of prosecution.

**{¶8}** However, considering the merits of Appellant's appeal, we find the trial court did not err in overruling Appellant's second motion to withdraw his guilty plea on the basis of res judicata. While Appellant argues the court improperly considered convictions belonging to another James Keeton in sentencing, the instant case is not before this Court on direct appeal from his original conviction and sentence nor on appeal from the denial of his first motion to withdraw his plea, but rather on his second motion to withdraw his guilty plea. Res judicata bars a motion to withdraw a plea when it raises issues which were raised or could have been raised in a prior motion to withdraw a plea. *See, e. g., State v. Gallegos-Martinez*, 5th Dist. Delaware No. 10-CAA-06-0043, 2010-Ohio-6463, ¶ 12. As Appellant raised issues in his second motion which he raised or could have raised on direct appeal or in his first motion to withdraw his plea, his second motion to withdraw his plea is barred by res judicata.

**{¶9}** The judgment of the Guernsey County Common Pleas Court is affirmed.


By: Hoffman, P.J.

Delaney, J.  and

Wise, Earle, J. concur